UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOBBIE L. SMITH,

          Plaintiff,

    v.

JOHN SOTO,

          Defendant.

Case No.  16-cv-00697-SI

**ORDER ON INITIAL REVIEW**

Re: Dkt. Nos. 1, 13

**BACKGROUND**

Bobbie L. Smith, an inmate at the California State Prison in Lancaster, filed this *pro se* action for  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information:  Smith was convicted in Alameda County Superior Court of attempted murder, assault with a firearm, shooting at an inhabited dwelling, and child endangerment.  Sentence enhancement allegations were found true.  On March 7, 2012, Smith was sentenced to a total of 51 years and 8 months in prison.  Smith appealed.  His conviction was affirmed by the California Court of Appeal in 2012, and his petition for review was denied by the California Supreme Court in 2013.

Smith then filed this action.  His federal habeas petition is dated January 25, 2016.  The envelope used to mail the petition has no visible postmark date, but was stamped "Received" at the courthouse on January 28, 2016.  The petition was stamped "Filed" on February 11, 2016.

**United States District Court**
**Northern District of California**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent must either (1) move to

2

dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

### CONCLUSION

Good cause appearing therefor,

1.     The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

2.     Respondent must file and serve upon petitioner, on or before **November 11, 2016**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3.     If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **December 9, 2016**.

4.     Respondent may file and serve a reply on or before **December 23, 2016**.

5.     The motion will be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.  If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

**IT IS SO ORDERED**.

Dated:   September 6, 2016

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California