UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOBBIE L. SMITH,

           Petitioner,

     v.

JOHN SOTO,

           Respondent.

Case No. 16-cv-00697-SI

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 15, 26

      Bobbie Lee Smith filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely. Smith has not filed an opposition to the motion, although the deadline by which to do so was extended several times. For the reasons discussed below, the court dismisses the action as barred by the habeas statute of limitations.

## BACKGROUND

      Bobbie Lee Smith was convicted in Alameda County Superior Court of attempted murder, assault with a firearm, shooting at an inhabited dwelling, and child endangerment. Sentence enhancement allegations that Smith had suffered a prior conviction and had personally used and discharged a firearm were found true. On March 7, 2012, he was sentenced to a total prison term of 51 years and eight months.

      Smith appealed. On August 30, 2013, the California Court of Appeal stayed the prison term for shooting at an inhabited dwelling and otherwise affirmed the judgment of conviction. On November 26, 2013, the California Supreme Court denied Smith's petition for review. Smith did not file a petition for writ of certiorari in the United States Supreme Court. He also did not file

1   any state habeas petitions.

2       Smith filed two federal actions for writ of habeas corpus: Case No. 15-cv-1633 PSG, and

3   this action (Case No. 16-cv-697 SI).

4       <u>Case No. 15-cv-1633 PSG</u>: The first federal action had a lot of activity yet made very little

5   progress. On February 26, 2015, Smith signed his petition and apparently mailed it to the U.S.

6   District Court for the Central District of California. Case No. 15-cv-1633 at Docket No. 1 at 8.[1]

7   The action was filed in the Central District on March 9, 2015, and was transferred to this district

8   on March 25, 2015. On August 3, 2015, the court dismissed the petition with leave to file an

9   amended petition within thirty days because Smith had not specified any legal grounds for relief or

10  supporting facts in his petition. *See* Case No. 15-cv-1633 at Docket No. 12. On September 17,

11  2015, the court dismissed the action without prejudice because Smith had not filed an amended

12  petition or otherwise communicated with the court. *Id.* at Docket No. 13. On November 5, 2015,

13  Smith filed a motion to reopen, stating that he had requested but had not received a habeas petition

14  form from the court. *Id.* at Docket No. 16. On November 25, 2015, the court directed the clerk to

15  send to Smith two habeas petition forms, and directed Smith to file an amended petition within

16  thirty days at which time the court would consider his motion to reopen the action. *Id.* at Docket

17  No. 17. The court cautioned Smith that the first page of his amended petition had to include the

18  case number and be marked as an "amended petition" on the first page. *Id.* On December 17,

19  2015, Smith requested an extension of the deadline to file an amended petition. *Id.* at Docket No.

20  18. On January 7, 2016, the court granted Smith a 30-day extension of the deadline and cautioned

21  that the action would be dismissed if he did not file the amended petition by the deadline. *Id.* at

22  Docket No. 19. Smith did not file an amended petition, and the court denied the motion to reopen

23  the action on February 23, 2016. *Id.* at Docket No. 20. Smith did not file any more documents in

24  the first action, and never filed anything in Case No. 16-cv-697 indicating that he had intended his

25  filings in that action to be filed in this first action.

26

27      [1] Under the prisoner mailbox rule, a petition is deemed to have been filed on the date a

28  prisoner-petitioner gives it to prison officials to mail to the court. *See Stillman v. LaMarque*, 319
    F.3d 1199, 1201 (9th Cir. 2003).

Case No. 16-cv-697 SI:   In this, the second federal action, Smith signed and gave his petition to prison officials to mail to the court on January 25, 2016.  Docket No. 1 at 7; Docket No. 1-1 at 1.   The envelope containing the petition was stamped "received" at the courthouse on January 28, 2016, and the petition was stamped "filed" on February 11, 2016.  Docket No. 1 at 1 and Docket No. 1-1 at 2.  The petition was a bare-bones petition: only two pages mentioned the legal grounds for relief (without actually mentioning the federal constitutional basis for any claim) and directed the reader to exhibits to the petition for his argument about the legal grounds for relief.  *See* Docket No. 1 at 9-10.  But no exhibits were attached to the petition.  The court ordered Smith to provide those exhibits, noting that without those exhibits the court could not determine that the petition warranted a response from respondent.  Docket No. 8.  Smith then requested a 30-day extension of the deadline to file the exhibits because he did not have them.  Docket No. 9.  The court extended the deadline to July 22, 2016, and Smith filed the exhibits on July 21, 2016.  Docket No. 11.  The exhibits were excerpts of the appellate briefs from Smith's state court appeal.  (The appellate briefs had been sent to Smith by his attorney when they were filed in 2013.  *See* Docket No. 13-4 at 15 (Appellant's Opening Brief proof of service); Docket No. 13-6 at 14 (Petition For Review proof of service).)   On August 16, 2016, Smith filed a typed copy of his petition.  Docket No. 13.

**DISCUSSION**

A.      The Latest Request For Extension Of The Deadline

Smith's request for an extension of the oft-extended deadline to file an opposition to respondent's motion to dismiss is DENIED. (Docket No. 26.)   The original deadline was December 9, 2016; the deadline was extended to January 13, 2017, when the court received a letter from Smith stating that he had not received the motion to dismiss due to a prison transfer; then, upon Smith's several requests, the deadline was further extended to February 10, 2017, then to March 3, 2017, and then to April 21, 2017.  In the order granting Smith's last request for an extension of the deadline to file an opposition and setting a deadline of April 21, 2017, the court stated: "[n]o more extensions of this deadline will be granted because, by the time it arrives,

petitioner will have had more than four months to prepare his opposition." Docket No. 26 (emphasis omitted). Respondent's motion to dismiss was filed on November 10, 2016, and five months was more than enough time for a diligent petitioner to prepare a response to it. The court cautioned him that the oft-extended deadline would not be further extended, but Smith failed to meet the deadline.

Having cautioned Smith that the deadline would not further be extended, the court sees no reason to relieve him of his failure to meet the deadline. Smith has never described his efforts to obtain the unidentified documents that he purported to need to prepare his opposition, e.g., the date(s) on which he requested those documents and the step(s) he took to follow up to try to obtain them, nor does he explain what those documents are or how they would enable him to avoid dismissal. And there is no indication that he attempted to prepare an opposition without the documents. The docket sheets for this action and the action filed in 2015 provide a rather clear picture of repeated delays, rather than diligence, by Smith. The court also notes that, if the documents he purportedly was seeking pertain to the filing of the action in 2015, the court has been able to piece together a chronology from the court's docket and has taken it into account in evaluating the motion to dismiss.

B.      The Petition Is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the limitations period began when the judgment became final upon "the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). Smith's petition for review was denied by the California Supreme Court on November 26, 2013, and he had ninety days in which to file a petition for writ of certiorari in the U.S. Supreme Court. He did not file a petition for writ of certiorari. Smith's conviction therefore became final on February 24, 2014, the deadline for him to file a petition for writ of certiorari. Smith's federal habeas deadline was February 24, 2015, one year from that date. (Assuming arguendo that a federal holiday could affect the calculations, the federal holiday of Presidents' Day fell on February 17 in 2014 and fell on February 16 in 2015, and therefore does not affect the calculations in Smith's case.)

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Smith is not entitled to any statutory tolling under this provision because he did not file any state habeas petitions. Smith also is not entitled to any statutory tolling for his earlier federal petition because a federal petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The one-year limitations period also can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing two things: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). The critical question here is whether any equitable tolling should be granted, and if there is enough equitable tolling to make the petition in this action

timely.

Smith is not entitled to equitable tolling for his first federal action (Case No. 15-cv-1633) because that action was properly dismissed. Smith's original petition in that action was dismissed with leave to amend because he had not specified the grounds for relief or the supporting facts. The court explained the deficiencies and gave Smith leave to file an amended petition. Smith never filed the amended petition in that action, and his failure to do so led to the dismissal of that action. The dismissal was proper. Smith later moved to reopen the action, but that motion was eventually denied because he never filed the amended petition the court had ordered him to file. Although equitable tolling, or a relation-back to the date of filing the earlier action, will be allowed when the earlier action has been *improperly dismissed*, that rule does not apply here because the dismissal of Smith's first federal action was not improper. *Compare Dils v. Small*, 260 F.3d 984, 986-87 (9th Cir. 2001) (federal petition does not relate back to earlier petition whose "life . . . has come to an end"; earlier petition had been properly dismissed for failure to exhaust, appeal from the dismissal had been dismissed, and mandate had been spread), *and Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2001) (no equitable tolling for delay in earlier-filed federal action because petitioner continued to press his position even after the district court informed him of the exhaustion requirement that required dismissal under then-controlling law), *with Tillema v. Long*, 253 F.3d 494, 503-04 (9th Cir. 2001), *overruled on other grounds by Pliler v. Ford*, 542 U.S. 225, 231 (2004) (equitable tolling warranted where district court dismissed prior timely mixed petition without providing petitioner an opportunity to delete unexhausted claim), *and Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir. 2005) (erroneous dismissal of a mixed petition justified equitable tolling from date of dismissal of first petition until the filing of the second petition). Here, Smith never filed an amended petition in Case No. 15-cv-1633) to cure the deficiencies identified in the court's August 3, 2015 order.

The petition that was filed to commence the present action (i.e., Docket No. 1 in Case No. 16-cv-697) would not suffice as an amended petition in Case No. 15-cv-1633 because the document (a) was not labeled as an "amended petition" with the earlier case number written on it, as the court had ordered; (b) did not provide the facts supporting the grounds for relief, as the

court had ordered; and (c) did not actually identify any of Smith's federal constitutional rights that had been violated. There was no error at the courthouse in processing the document as a new petition to commence a new action because Smith opted to send in a petition for writ of habeas corpus not marked as an amended petition and not marked with the earlier case number. Even if Smith had marked the document as an amended petition in Case No. 15-cv-1633, it most likely would not have resulted in the reopening of that action because it was deficient in that it did not actually identify any of Smith's federal constitutional rights that had been violated, did not adequately allege supporting facts, and referred the reader to exhibits that were not attached to the document and that apparently were not even in his possession. In short, the document he sent to the court about eleven months after filing the first federal action had such deficiencies that it would not have prompted the court to reopen the first action. The court concludes that Smith has not shown that he was diligently pursuing his rights or that some extraordinary circumstance stood in the way of him timely filing his federal petition. For these reasons, Smith is not entitled to equitable tolling for the time during which the first federal action was pending. Without any equitable tolling for the pendency of the first federal action, the petition in this action was filed eleven months after the one-year limitations period had expired on February 24, 2015.

Further, even assuming arguendo that Smith was entitled to equitable tolling for the entire time after he sent his first federal petition to federal court, Smith nonetheless missed the deadline to file his federal habeas petition (albeit by only two days). Smith's first federal petition was signed and mailed on February 26, 2015 (a Thursday), two days after the deadline to do so had passed on February 24, 2015 (a Tuesday). Although this seems a small miss, statute of limitations deadlines are firm deadlines, and missing the deadline by a few days still results in a missed deadline and a time-barred petition. Moreover, this was not a short and difficult deadline to meet: review had been denied by the California Supreme Court fifteen months earlier, on November 26, 2013. Smith had fifteen months from that denial to get to federal court and did not do so. The petition would be untimely even if tolling was allowed from the first day he mailed his first federal petition.

In summary, Smith failed to file his federal habeas petition before the statute of limitations period expired. Smith is not entitled to any statutory tolling or equitable tolling. The petition in this action was filed on January 25, 2016, about eleven months after the limitations period expired on February 24, 2015.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED. Docket No. 26. The petition is dismissed because it was not filed before the expiration of the habeas statute of limitations period. Petitioner's motion for an extension of the deadline to file his opposition to the motion to dismiss is DENIED. Docket No. 15.

**IT IS SO ORDERED**.

Dated: May 1, 2017

_____
SUSAN ILLSTON
United States District Judge